**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 10 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

GARY TERRELL, JR.,

　　　　Defendant-Appellant.

No. 99-3363

D. Kan.

(D.C. No. 99-CR-10019)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

---

　　　　Gary Terrell, Jr. pleaded guilty to maintaining a place for the purpose of manufacturing, distributing or using controlled substances, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2, and for knowingly possessing a firearm as an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3).

---

　　　* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

　　　** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Mr. Terrell appeals his sentence, arguing that the district court erred when it enhanced his sentence for possession of a dangerous weapon pursuant to USSG §2D1.1(b)(1). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

DISCUSSION

Mr. Terrell argues there was no evidence to support a two-level enhancement under USSG §2D1.1(b)(1), which provides: "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." We review factual findings under §2D1.1(b)(1) for clear error and review the district court's interpretation and application of the guidelines de novo. See United States v. Flores, 149 F.3d 1272, 1279 (10th Cir.1998).

"The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. §2D1.1, note 3.

"Possession of a weapon in connection with a drug trafficking offense is established if the government proves by a preponderance of the evidence that a temporal and spacial relation existed between the weapon, the drug trafficking activity, and the defendant." Flores, 149 F.3d at 1280 (internal quotations omitted). The necessary nexus between the weapon, drug trafficking and defendant "may be established by showing that the weapon was located nearby the

general location where drugs or drug paraphernalia are stored or where part of the transaction occurred." Id. (internal quotations omitted). "Once the government establishes that the weapon was possessed in proximity to the drugs or transaction, the burden shifts to the defendant to show it is clearly improbable that the weapon was related to the offense." Id., 149 F.3d at 1280 (internal quotations omitted).

Here, the government met its burden by showing that the guns were present in Mr. Terrell's home where part of the drug transaction occurred. Mr. Terrell does not challenge the presence of or his ownership of the firearms. Mr. Terrell's only argument is that the firearms were not in the identical location (the freezer) with the contraband. An assortment of five firearms, two of which were loaded and in close proximity to a separate discovery of contraband, were found in the house. There was no error in applying the enhancement.

For the reasons stated above we AFFIRM Mr. Terrell's sentence. We DENY Mr. Terrell's motion for leave to file an additional brief pro se because the issues Mr. Terrell hopes to raise are frivolous. We GRANT the motion to withdraw as attorney of record filed by Mr. Terrell's counsel.

Entered for the Court,

Robert H. Henry
Circuit Judge

-3-